IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| ILIR BETA | ) | C.A. | 22-722 |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Jury Trial Demanded | |
| | ) | | |
| Extrel CMS, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**COMPLAINT IN CIVIL ACTION**

AND NOW COMES Plaintiff ILIR BETA, by and through his attorney, MARGARET S. COLEMAN and the law firm of O'BRIEN COLEMAN & WRIGHT, LLC., and submits the following Complaint in Civil Action, and in support thereof avers as follows:

I. INTRODUCTION

1. This Complaint alleges that Defendant Extrel CMS violated Plaintiff Ilir Beta's statutory right to be free from discrimination based on his age, race and/or national origin when it terminated his employment as Senior Scientist while retaining younger Caucasian employees to perform the same tasks.

II. JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 USC §§ 451, 1331, 1343 and 1345, and upon the doctrine of pendant and/or supplemental jurisdiction over any state law claims.

3. All of the violations of Plaintiff's rights alleged herein occurred within the Western District of Pennsylvania. Venue is, therefore, properly in the Western District of Pennsylvania under 28 USC § 1291(B).

III. PARTIES

4. Plaintiff Ilir Beta is an adult individual who resides in Washington County, Pennsylvania. He is 52 years old. Defendant Extrel CMS ("Extrel") is a corporation with a principal place of business located at 575 Epsilon Dr., Suite # 2, Pittsburgh, PA 15238. Extrel is duly authorized to conduct business within the Commonwealth of Pennsylvania.

5. At all times relevant hereto, Extrel was an "employer" as that term has been defined by the applicable statutes and acted by and through its duly authorized agents, assignees and/or employees, who were then and there acting within the course and scope of their employment.

IV. FACTS

9. The Plaintiff, Dr. Ilir Beta is a chemist with a PhD in Physical Chemistry from University of Leipzig.

10. Extrel is a private company which specializes in design and manufacture of pharmaceutical and scientific instruments.

11. Dr. Beta began his employment with Defendant Extrel in or about February of 2018. His position title was "Senior Scientist." He was hired to perform customer-facing activities such as installations and trainings, and to support sales by attending tradeshows and conferences.

12. Even though Dr. Beta speaks fluent English and has lived in the United States for more than 15 years, Extrel senior management expressed concerns about his accent during the interview process.

13. Before Extrel hired him, Dr. Beta had over ten years of experience at a similar company performing similar job duties.

14. Extrel employed one other individual in a "Scientist" position. That individual ("Greg") had a bachelor's degree, no advanced degrees, and less on-the-job experience than Dr. Beta.

15. Greg is a white, American-born man who is approximately twenty years younger than Dr. Beta.

16. Although Dr. Beta had been hired to perform customer-facing duties, Extrel management almost completely excluded him from these projects. Extrel assigned Greg to these projects even though Dr. Beta was better qualified and had more experience.

17. Instead of the customer-facing activities that he was hired to perform, Dr. Beta was assigned to perform very simple tasks that were given to entry level employees with no education and minimal experience.

18. In March of 2020, Extrel furloughed four employees from Dr. Beta's department, ostensibly due to the coronavirus pandemic. Dr. Beta was one of those employees. Greg was not.

19. The furlough notice provided by Extrel stated that the company would keep in regular contact with Dr. Beta regarding his work status.

20. From March of 2020 through June of 2021, Dr. Beta receive no communication from Extrel.

21. During this time two of the other furloughed employees were brought back to work and one resigned to take a position elsewhere. Those employees were white, American-born and much younger than Dr. Beta.

22. In March of 2021, Extrel promoted Greg to the position of "Americas Sales Manager and Global Applications Specialist."

23. In May of 2021, Dr. Beta saw an advertisement for a position at Extrel with job duties that were very similar to his.

24. In June of 2021, a representative from Extrel informed Dr. Beta that he would not be brought back from furlough.

25. Extrel formally terminated Dr. Beta's employment on June 30, 2021.

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Prior to filing this lawsuit, Dr. Beta exhausted all necessary administrative procedures by filing appropriate charges with the Equal Employment Opportunity Commission (EEOC) and/or Pennsylvania Human Relations Commission (PHRC). A copy of the charge of discrimination filed on behalf of Dr. Beta is attached hereto as Exhibit 1 and made a part hereof.

27. Dr. Beta has received a "Dismissal and Notice of Rights" letter from the Equal Employment Opportunity Commission which is dated February 22, 2022.

VI. <u>CLAIMS</u>

28. As a result of the conduct of Defendant Extrel, as hereinbefore described, Dr. Beta has been denied his right to be free from age discrimination as protected by The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, *et seq.*

29. As a result of the conduct of Defendant Extrel, as hereinbefore described, Dr. Beta has been denied his right to be free from national origin and/or race discrimination as protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

30. As a result of the conduct of Defendant Extrel, as hereinbefore described, Dr. Beta has been denied his right to be free from age and national origin and/or race discrimination as protected by the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et seq.*

31. As a result of the conduct of Defendant Extrel, as hereinbefore described, Dr. Beta has suffered lost wages, benefits, and other remuneration.

32. As a result of the conduct of Defendant Extrel as hereinbefore described, Dr. Beta has suffered embarrassment, humiliation, and emotional distress.

33. Defendant's conduct, as hereinbefore described, was willful, outrageous, and/or performed in reckless disregard of Dr. Beta's federally protected rights.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment in his favor for compensatory and/or punitive damages and award him such other relief as

is appropriate and equitable under the circumstances and award him costs and attorney's fees incident to the successful completion of this litigation.

                Respectfully submitted,

                <u>/s/ Margaret S. Coleman, Esq.</u>
                PA ID# 200975

                O'Brien Coleman & Wright LLC
                Henry W. Oliver Building
                535 Smithfield Street, Suite 1025
                Pittsburgh, PA  15222

                (412) 232-4400

                Attorney for Plaintiff